T.C. Memo. 2014-175

UNITED STATES TAX COURT

TERRY L. WRIGHT AND CHERYL A. WRIGHT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30957-09.                              Filed August 28, 2014.

Terry L. Wright and Cheryl A. Wright, pro sese.

Christopher S. Kippes, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  The issues for decision, relating to 2002 (year in issue), are

whether petitioners are liable for an income tax deficiency and a section 6662(a)

accuracy-related penalty.[1]

_____

    [1]Unless otherwise indicated, all section references are to the Internal

                                                        (continued...)

[*2]                           Background

During the year in issue, Terry Wright was a professional investor.  Mr.

Wright and his wife, Cheryl, owned 100% of Cyber Advice, LLC (Cyber Advice).

In December 2002, Cyber Advice purchased a euro put option and, several days

later, assigned it to a charity (transaction).[2]  On its 2002 Form 1065, U.S. Return

of Partnership Income, Cyber Advice reported a short-term capital loss of over $3

million relating to the transaction.[3]  The tax effects flowed through to petitioners,

who reported a short-term capital loss of approximately $3 million on their 2002

Form 1040, U.S. Individual Income Tax Return.

The law firm of Larry C. Fedro & Associates, P.A. (Fedro law firm), issued

Cyber Advice a tax opinion relating to the transaction.[4]  The opinion stated that

---

[1](...continued)
Revenue Code in effect relating to the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

[2]Additional facts relating to the transaction are set forth in Wright v.
Commissioner, T.C. Memo. 2011-292.

[3]Relying on Greene v. United States, 79 F.3d 1348 (2d Cir. 1996), Cyber
Advice took the position that, pursuant to sec. 1256(g)(2), the euro put option was
a "foreign currency contract" that terminated upon its assignment to the charity
pursuant to sec. 1256(c).

[4]The tax opinion was dated December 20, 2002, but was issued to Cyber
Advice in March 2003.

**[*3]** Cyber Advice's tax treatment of the transaction was "more likely than not" to be "upheld by a court if * * * challenged by the IRS and fully litigated on the merits". At the time the Fedro law firm issued the opinion, the firm's principal, Larry C. Fedro, did not have significant experience relating to the taxation of foreign currency options. In preparing the tax opinion, the Fedro law firm reviewed a copy of unsigned investor representations and an engagement letter. The opinion stated that the Fedro law firm relied upon certain "representations and advice" provided to it by Cyber Advice and that the opinion could not be relied on if such representations and advice were "inaccurate in any material respect, or * * * prove not to be authentic". In a March 9, 2003, letter to Cyber Advice transmitting the tax opinion, Mr. Fedro wrote that "[w]hile we are furnishing you the opinion letter, please be advised that the opinion letter may not be relied upon (and is not otherwise released) unless and until we have * * * the Investor Representations fully executed by you".

In 2002, petitioners' estate tax attorney was Frank O. Hendrick III and their accountant was John Carpentier. Neither Mr. Hendrick nor Mr. Carpentier had significant experience relating to the taxation of foreign currency options. Prior to the time Cyber Advice engaged in the transaction, Mr. Hendrick conducted limited research relating to the transaction and failed to read all of the tax opinion. He

**[*4]** prepared petitioners' 2002 Form 1040 and advised them that the tax opinion set forth a reasonable position consistent with the Internal Revenue Code.

In October 2009, respondent issued petitioners a notice of deficiency determining that they were liable for a $603,093 income tax deficiency relating to 2002. In addition, respondent determined that petitioners had substantially understated their income tax and were liable, pursuant to section 6662(a) and (b)(2), for a $120,619 accuracy-related penalty. On August 1, 2011, the Court filed respondent's motion for partial summary judgment, pursuant to which respondent sought judgment that petitioners' euro put option was not a "foreign currency contract" within the meaning of section 1256(g)(2). The Court, pursuant to Wright v. Commissioner, T.C. Memo. 2011-292, issued an order granting respondent's motion. The parties submitted to the Court, fully stipulated pursuant to Rule 122, the issue of whether petitioners are liable for a section 6662(a) accuracy-related penalty.

## Discussion

In their brief, petitioners address only their liability relating to a section 6662(a) accuracy-related penalty and do not further contest the 2002 income tax deficiency. Accordingly, respondent's deficiency determination is sustained pursuant to our opinion in Wright.

[*5]   Petitioners contend they relied, reasonably and in good faith, on the Fedro law firm's tax opinion and thus are not liable for a penalty.[5]   Petitioners failed to establish reasonable cause and good-faith reliance on the Fedro law firm's tax opinion and did not make a reasonable effort to assess their tax liability.  See sec. 1.6664-4(b)(1), (c)(1), Income Tax Regs.  Mr. Fedro lacked the requisite tax expertise to justify petitioners' reliance.  See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).  Moreover, the Fedro law firm required, but petitioners did not provide, signed investor representations.  See id.  The Fedro law firm informed petitioners that "the opinion letter may not be relied upon (and is not otherwise released) unless and until we have * * * the Investor Representations fully executed by you."  Petitioners' reliance on the tax opinion was accordingly unreasonable.  See sec. 1.6664-4(b)(1), Income Tax Regs.  Furthermore, petitioners failed to establish that they relied upon either Mr. Hendrick's or Mr. Carpentier's advice.  See sec. 1.6664-4(c)(1), Income Tax Regs.  We note that neither adviser had relevant

---

[5]Respondent has established that petitioners' understatement of income tax was substantial because it exceeded 10% of the tax required to be shown on the return and was an amount greater than $5,000.  See sec. 6662(d)(1)(A).  Accordingly, respondent has met his burden of production and petitioners bear the burden of proving a defense to the penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

**[*6]** experience sufficient to justify petitioners' reliance. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 99.

Finally, petitioners contend that the Fedro law firm's tax opinion was, pursuant to section 6662(d)(2)(B), substantial authority for their understatement. The Fedro law firm based its opinion that a foreign currency option constitutes a foreign currency contract primarily on its interpretation of section 1256. This interpretation, however, was not well reasoned and ignored the plain language of the statute. See Summitt v. Commissioner, 134 T.C. 248, 264-265 (2010) (stating that "[i]t is clear that, as originally enacted in 1982, section 1256(g)(1) applied only to forward contracts", that it is "also clear" that the 1984 amendment to section 1256(g)(2) did not bring foreign currency options within the definition of foreign currency contracts, and that "[t]he statute's plain language is dispositive"); sec. 1.6662-4(d)(3)(ii), Income Tax Regs. Accordingly, the Fedro law firm's tax opinion did not constitute, nor did it rely upon, substantial authority. See sec. 1.6662-4(d)(3)(ii) and (iii), Income Tax Regs.

Contentions we have not addressed are irrelevant, moot, or meritless.

**[*7]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.